# GIBSON DUNN

> I have discussed the parties' submissions with Judge Kaplan, including UMG's submission, and we agree with UMG that the cases are not related.
>
> _/s/ Edgardo Ramos_
> Edgardo Ramos, U.S.D.J
> Dated: 3/20/2019
> New York, New York

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

Client: 14313-00094

March 18, 2019

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge,
   Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Johansen et al. v. Sony Music Entertainment Inc., et al.*,
Case No. 1:19-cv-01094-ER

Dear Judge Ramos:

We represent Defendant Sony Music Entertainment ("SME") in the above-referenced case (hereinafter, "*Johansen*").[1]

Pursuant to Local Rule 1.6 and Rule 13 of the Rules for the Southern District's Division of Business Among District Judges ("Rule 13"), we write to notify the Court that the *Johansen* case is related to a previously-filed action pending in this District before Judge Lewis A. Kaplan, captioned *Waite et al. v. UMG Recordings, Inc. et al.*, Case No. 1:19-cv-01091-LAK ("*Waite*").[2] The *Johansen* and the *Waite* cases are both putative class actions that were filed on the same day by the same law firms asserting virtually identical claims concerning the validity of individual notices purporting to terminate different recording artists' grants of copyright ownership to SME (*Johansen*) and UMG (*Waite*). Both cases generally concern the validity of copyright termination notices served by recording artists on recorded music companies SME (in the case of *Johansen*) and UMG (in the case of *Waite*). Because the *Johansen* and *Waite* cases meet this Court's standards for relatedness, and because the *Waite* case was filed first and has the lower docket number, SME respectfully requests that the *Johansen* case be transferred to Judge Kaplan.

Rule 13 provides that a civil case "will be deemed related to one or more civil cases . . . when the interests of justice and efficiency will be served." Rule 13(a)(1). The Rule further provides, in relevant part:

> In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions, or

---

[1] SME was incorrectly sued as Sony Music Entertainment Inc.

[2] The complaint filed in the *Johansen* case is attached hereto as Exhibit A. The complaint filed in the *Waite* case is attached hereto as Exhibit B.

**GIBSON DUNN**

The Honorable Edgardo Ramos
March 18, 2019
Page 2

events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses.

If the assigned judge "believes that the case is related under paragraph (a) [of Rule 13] . . . he or she shall refer the question to the judge having the case with the lowest docket number." Rule 13(b)(3). The *Waite* case was filed first, and thus has a lower docket number (1:19-cv-01091) than the *Johansen* case (1:19-cv-01094).

Relating the *Johansen* and the *Waite* cases will promote the interests of justice and efficiency. First, the proposed class definitions are nearly identical: the plaintiffs in both cases purport to represent a putative class of "[a]ll recording artists . . . who have served Notices of Termination . . . with an effective termination date of January 1, 2013 or later" on SME or UMG. Ex. A ¶ 16; Ex. B ¶ 15.[3] The remaining core allegations of the complaints are also nearly identical.

Second, there appears to be overlap in the potential membership of the two putative classes. Rule 13(a)(1)(A), (B). Because recording artists not infrequently change record labels over the course of their careers, some of the "recording artists . . . who have served Notices of Termination" on SME have also served Notices of Termination on UMG. For example, John Lyon, professionally known as "Southside Johnny," is a named plaintiff in the *Johansen* case. Lyon has also served a termination notice on UMG, and is thus a putative class member in the *Waite* case. *See* Ex. C, John Lyon p.k.a Southside Johnny Copyright Registration. SME has also identified other artists who have served termination notices on both SME and UMG, and are therefore potential putative class members in both cases.

Third, if the cases are not related, there is a very real possibility that "the parties could be subjected to conflicting orders." Rule 13(a)(1)(C). As noted above, both cases concern the validity and effect of unique individual termination notices, including, in some instances, notices served by the same individual and through the same counsel on SME and UMG. Accordingly, failing to relate the *Johansen* and *Waite* cases could subject both putative plaintiff classes and defendants to conflicting rulings regarding their rights to copyrighted works. Equally importantly, both *Johansen* and *Waite* seek the certification of a class under Rule 23 and rely on nearly identical allegations as to why the requirements of Rule 23 are allegedly satisfied. SME contends that class certification is inappropriate for a myriad of reasons, including that there is substantial factual variation among the circumstances of the named plaintiffs and the putative class members, who negotiated and signed their own

---

[3] Under Section 203 of the Copyright Act of 1976, the author of a copyrighted work may terminate a grant of copyright ownership after a period of 35 years by serving notice on the grantee. 17 U.S.C. § 203.

**GIBSON DUNN**

The Honorable Edgardo Ramos
March 18, 2019
Page 3

unique recording contracts with differing counterparties, performed in different roles on different recordings with different collaborators under unique circumstances, and sent their own unique termination notices to the defendant recording company. But because the class *allegations* in the *Johansen* and the *Waite* cases are virtually identical, the threshold question of class treatment is one that should be heard by the same judge.

Fourth and finally, "absent a determination of relatedness[,] there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses." Rule 13(a)(1)(D). As already noted, the *Johansen* and *Waite* cases involve overlapping issues concerning copyright law and class certification. And given the overlapping nature of the two putative classes, if the cases are not related, two judges will be required to decide issues that will affect the rights of some of the same parties. Treating these two cases as related will thus result in substantial efficiencies, and reduce the burdens on the Court.

In sum, relating the *Johansen* and *Waite* cases will conserve judicial resources, enhance the convenience of the parties and potential witnesses, and avoid unnecessary duplication of judicial effort and the risk of inconsistent results. SME therefore respectfully requests that the *Johansen* case be related to the *Waite* case and transferred to Judge Kaplan. Counsel for SME reached out to plaintiffs' counsel to inform them of SME's intent to make this request, and plaintiffs' counsel stated that they were evaluating the possible relatedness of the cases.

Thank you for your consideration.

Respectfully,

/s/ Gabrielle Levin

Gabrielle Levin

GFL/mfm


cc: All counsel of record (via ECF)