# GIBSON DUNN

# MEMO ENDORSED

April 11, 2019

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/15/2019

VIA ECF

The Honorable Edgardo Ramos
United States District Court
  for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

A pre-motion conference will be held on April 30, 2019, at 3:30 p.m. Plaintiff is directed to file a written response not longer than 3 pages by April 23, 2019.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 4/15/2019
New York, New York

Re: <u>Johansen v. Sony Music Entertainment Inc., No. 19-cv-1094 (ER)</u>

Dear Judge Ramos:

We represent defendant Sony Music Entertainment[1] ("Sony") in the above-captioned action, and write pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices to respectfully request a pre-motion conference on Sony's anticipated motion to dismiss plaintiffs' Class Action Complaint [Dkt. No. 1] ("CAC") pursuant to Fed. R. Civ. P. 12(b)(6).

## Background

Plaintiffs seek to certify a class of all recording artists who served notices on Sony purporting to terminate grants of rights in sound recordings pursuant to Section 203 of the Copyright Act of 1976. Section 203 permits an author in certain circumstances to terminate prior copyright grants during a specific window of time: 35-40 years after the original grant or after publication under the original grant. 17 U.S.C. § 203(a)(3). A number of factors are relevant to determining whether a party purporting to terminate a grant has legally complied with Section 203, including, among other things, whether the work at issue is a "work made for hire" (in which case no grant occurs, and Section 203 therefore does not apply), whether the terminating party is the author of that work, whether the putative grant was "executed" on or after January 1, 1978, and whether the terminating party has complied with the specific requirements of Section 203 and its implementing regulations found in 37 C.F.R. § 201.10.

The applicability of and compliance with Section 203 are inherently individualized determinations—they will depend, among other things, on the specific content of each termination notice, the circumstances surrounding the creation of each sound recording at issue, and the specific contractual arrangements under which the sound recording at issue was made. Sony is also likely to assert defenses, such as the statute of limitations, that will require the resolution of highly individualized issues. For these reasons, the issue of Section 203 termination is inherently inappropriate for class action treatment.

---

[1] Incorrectly sued as Sony Music Entertainment Inc.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Before proceeding past the pleadings stage, however, plaintiffs must demonstrate that they have served termination notices that comply with Section 203 and its implementing regulations. But, as discussed further below, plaintiffs' Section 203 termination notices are insufficient as a matter of law, and plaintiffs' claims for declaratory judgment and copyright infringement therefore fail, as each is dependent on the validity of those termination notices. Because the termination notices themselves are invalid, the defects in the CAC cannot be cured by amendment and plaintiffs' claims should be dismissed with prejudice.

## Sony's Anticipated Motion

Pursuant to Fed. R. Civ. P. 12(b)(6), Sony intends to move to dismiss the CAC for failure to state a claim because the termination notices served on Sony are invalid as a matter of law.

*First*, the termination notices for all of the noticed Johansen and Lyon works, and one of the noticed Collins works, are untimely on their face. The Copyright Act provides that "[t]ermination of the grant may be effected . . . at the end of thirty-five years from the date of publication of the work under the grant or at the end of forty years from the date of execution of the grant, whichever term ends earlier." 17 U.S.C. § 203(a)(3). A termination is effected by "serving an advance notice in writing" upon the grantee or its successor in title. *Id.* § 203(a)(4). The notice must "state the effective date of the termination," and must be served between two and ten years before that effective date. *Id.* § 203(a)(4)(A).

The Johansen and Lyon notices identify effective dates in 2017, but purport to terminate grants made in 1984. (CAC, Exs. A, C.) These notices are thus premature because the earliest a 1984 grant can be terminated is 2019—thirty-five years thereafter. Moreover, Collins' termination notice for the album "The Beat" is untimely because it failed to provide the required two years' notice: the termination notice is dated *July* 15, 2015, but the notice provides an effective termination date of *June* 16, 2017—only 23 months later. Untimeliness "is a fatal mistake under the law." Gap in Termination Provisions, 75 Fed. Reg. 15,390, 15,391 (Mar. 29, 2010).

*Second*, plaintiffs' termination notices are all invalid for the independent reason that they fail to satisfy the strict requirements of Section 203's implementing regulations. To be valid, a termination notice must include, among other things, "[t]he date of execution of the grant being terminated" and "[a] brief statement reasonably identifying the grant to which the notice of termination applies." 37 C.F.R. § 201.10(b)(2)(iii), (v). Here, plaintiffs' termination notices each fail to comply with these requirements.

Most glaringly, the notices fail to provide the "date of execution of the grant being terminated." *Id.* § 201.10(b)(2)(iii). This is not a ministerial requirement, as knowing the date of execution is critical for the author, grantee, and Copyright Office to determine whether Section 203 applies (or instead Section 304, governing pre-1978 grants), when the Section 203 termination window begins, and whether an attempted termination is timely, as well as allowing Sony to

attempt to actually identify the alleged grant at issue.[2]

While the regulations contain a limited provision for "harmless errors"—defined as those errors "that do not materially affect the adequacy of the information required to serve the purposes of [the statute]" (37 C.F.R. § 201.10(e)(1))—the defects of plaintiffs' termination notices are not harmless, but rather relate to important, statutorily required information that plaintiffs have failed to even attempt to provide. The Copyright Office has made clear that identifying a date of execution is not optional. The implementing regulations require the identification of a date that "is as accurate as the terminating party is able to ascertain." 76 Fed. Reg. at 32,319. Plaintiffs have failed to comply with this requirement.

Moreover, the termination notices do not "reasonably identify[] the grant to which the notice of termination applies." 37 C.F.R. § 201.10(b)(2)(v); *see Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 610, 622 (2d Cir. 1982). Instead, plaintiffs' termination notices use a vague and insufficient formulation to attempt to identify "[a]ll grants or transfers of copyright and all rights of copyright proprietor, including publication and recording rights, in and to the above sound recordings including, without limitation to the grant dated in or about 1984 between the recording artist David Johansen and Blue Sky Records/CBS, Inc." (*See*, *e.g.*, CAC, Ex. A.).

For the foregoing reasons, Sony intends to seek dismissal of the CAC and respectfully requests that the Court schedule a pre-motion conference on Sony's anticipated motion.

---

[2] Plaintiffs try to obfuscate the glaring problems with their termination notices through loosely pleaded allegations that in many instances contradict the notices themselves. (*Compare* CAC Exs. A, C (referring to grants for Johansen and Lyon "in or about 1984") *with* CAC ¶ 26 (alleging Johansen entered into a recording agreement with Sony around 1978) *and* ¶¶ 7, 30 (alleging that Lyon somehow signed with Epic Records both "in or about 1976" *and* "in or about 1978").) Of course, the Court need not credit allegations inconsistent with the termination notices attached to the CAC, and it is the content of the termination notices that determines whether plaintiffs have complied with the exacting requirements of Section 203's implementing regulations. However, to the extent Lyon seeks to rely on the CAC's allegation that he signed a recording agreement in 1976, he fails to comply with the specific requirement that a notice for a "gap work" (one created after 1977 under an agreement pre-dating 1978, *i.e.*, a "gap grant") "recites, as the date of execution [of the purported grant], the date on which the work was created." 37 C.F.R. § 201.10(f)(1)(ii)(C).

Respectfully,

*/s/ Gabrielle Levin*

Gabrielle Levin

cc:  All Counsel of Record (via ECF)