

300 Carnegie Center | Suite 220 | Princeton, NJ 08540
A Pennsylvania LLP | Stephen M. Orlofsky, New Jersey Administrative Partner
blankrome.com

Phone: (609) 750-2643
Fax: (609) 897-7291
Email: Kistler@BlankRome.com

April 23, 2019

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
For The Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re: **Johansen v. Sony Music Entertainment Inc., No. 19-cv-1094 (ER)**

Dear Judge Ramos:

Plaintiffs in the above captioned matter hereby submit the instant letter brief in accordance with Your Honor's April 15, 2019 Order.

## BACKGROUND

Plaintiffs' letter brief is meant to address Sony Music Entertainment's ("Sony") continuing efforts to delay this litigation. As a courtesy, Plaintiffs granted Sony an extension to file its motion to dismiss until April 11, 2019. The fact that Sony waited until the last possible day to file its hyper-technical letter brief is simply more evidence of Sony's delay tactics and serves only to prevent Plaintiffs from expeditiously reclaiming their copyrighted materials.

## PLAINTIFFS' RESPONSE TO SONY'S ANTICIPATED MOTION

Sony's brief advances two interrelated, albeit incorrect, arguments as to why Plaintiffs' Class Action Complaint ("CAC") fails as a matter of law. First, Sony argues that the Johansen and Lyon notices are untimely because they seek to terminate grants made in 1984. Second, Sony contends that the termination notices are invalid because Plaintiffs did not identify the grants' dates of execution nor did Plaintiffs sufficiently identify the grants to be terminated. Sony's arguments not only mischaracterize applicable law, but misrepresent the nature of Plaintiffs' termination notices.

More specifically, Sony's letter brief deliberately mischaracterizes the harmless error provisions applicable to Section 203 notices. 37 C.F.R. § 201.10(e)(1) provides that "[h]armless errors in a notice [of termination] that do not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. 203 … shall not render the notice invalid." This regulation specifically recognizes that any errors related to the date of a grant of execution "shall not affect the validity of the notice if the errors were made in good faith and without any intention to deceive, mislead, or conceal relevant information." 37 C.F.R § 201.10(e)(2). Ultimately, all the

BLANKROME
The Honorable Edgardo Ramos
April 23, 2019
Page 2

Copyright Act requires is that the grantor's notice provide "sufficient information to assist a grantee in having a 'reasonable' opportunity to identify the [affected] work." *Siegel v. Warner Bros. Entm't Inc.*, 690 F. Supp. 2d 1048, 1062 (C.D. Cal. 2009). Here, Plaintiffs' notices contain more than sufficient information to apprise Sony of the sound recording grants that are being terminated.[1]

Despite the wealth of identifying information contained in the notices of termination, Sony, in a desperate attempt to retain grants in Plaintiffs' sound recordings, was forced to mischaracterize the temporal scope of the grants Plaintiffs seek to terminate. Here, the Johansen and Lyon notices plainly state that they seek to terminate "[a]ll grants or transfers of copyright and all rights of copyright proprietor, including publication and recording rights, in and to the above sound recordings, including, without limitation to the grant dated in or about 1984[.]" (CAC Exs. A, C). However, Sony's letter brief ignores the plenary nature of the termination and disingenuously claims that Plaintiffs "purport to terminate grants made in 1984[]" in an effort to convince this Court that Plaintiffs' notices were untimely and therefore invalid. With or without the 1984 language, the notices are sufficiently clear and indisputably timely.

To the extent that the termination notices were untimely (which they are not, Sony's mischaracterization notwithstanding), such untimeliness qualifies as harmless error. Courts make allowances for an artist's lack of knowledge or certainty when attempting to identify their works in notices of termination, having noted that "the required contents of [a] notice must not become unduly burdensome to grantors … and must recognize that entirely legitimate reasons may exist for gaps in [an artist's] knowledge and certainty" as it relates to their works. *Id*. at 1061 (citation omitted). The reason Plaintiffs' notices reference generalized timeframes is simple – Plaintiffs no longer possess the contracts that granted Sony the rights Plaintiffs now seek to terminate. This is not atypical; rather, it is the record companies who maintain copies of the sound recording grants – not the musicians. Johansen and Lyon therefore have a legitimate reason for being unable to list the specific "date[s] of execution of the grant[s] being terminated." *Siegel,* 690 F. Supp. 2d at 1061; *also compare* 37 C.F.R. § 201.10 (b)(2)(iii) with (e)(2).

With respect to Collins, the termination schedule admittedly lists an effective termination date of June 16, 2017 for the album "The Beat." (CAC Ex. E). However, even a cursory review

---

[1] Defendant cites *Burroughs v. Metro-Goldwyn-Meyer*, 683 F.2d 610 (2nd Cir. 1982) for its dicta referencing the proper identification of grants; however, the main holding of that case was that termination cannot be affected with regard to works that the terminating party fails to list. 683 F.2d 610, at 622. No such thing happened here; all of the works are precisely and completely identified by title, author, date of publication, and registration number. Indeed, the three Notices at issue were accepted by the Copyright Office and duly recorded without comment.

of the termination schedule clearly demonstrates that this is a scrivener's error – Collins accidently set an effective termination date of June, just one month shy of the required two years' notice period – rather than July which should have been the effective termination date for both Collins albums. *Id*. This is a harmless chronological miscalculation, and should not invalidate the entirety of "The Beat" notice. Plaintiffs' notices can be amended to the extent they purport to terminate grants prematurely; however, that does not mean the notices are completely deficient as a matter of law.

Sony's final argument is that the termination notices do not "reasonably identify "[t]he grant to which the notice of termination applies." However, Sony's argument utterly disregards the schedules attached to Plaintiffs' termination notices, all of which identify: 1) the publication dates; 2) the copyright registration numbers; and 3) the effective date of termination for the sound recordings at issue. (CAC Exs. A, C, E). Try as they might, the fact remains that Plaintiffs' supplied Sony with ample information for Sony to identify the grants Plaintiffs wish to terminate.[2]

In sum, Sony's letter brief dismissively mischaracterizes applicable harmless error provisions while selectively using other federal regulations to chip away at Plaintiffs' Complaint by focusing on hyper-technical points rather than the purpose and spirit of the Copyright Act. Plaintiffs are happy to more fully address the issues discussed above in a response to Sony's anticipated Motion to Dismiss.

Respectfully submitted,

*/s/ David C. Kistler*
DAVID C. KISTLER
BLANK ROME LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540

---

[2] The holdings in *Siegel* are liberal and recognize that one of the main purposes of the Copyright Act is to give artists the right to reclaim their works. Specifically, the *Siegel* Court contemplated a termination notice in which, "no title for a particular work is given, the author's name for that work is missing, and no date is provided as to when the copyright in that particular work was secured, *but* a valid initial registration number for the work standing by itself is provided." *Siegel*, 690 F. Supp. 2d at 1057 (emphasis in original). The Court explained that, "[i]n such a circumstance there are clearly omission of information required by 201.10(b)(1)(iii), thus creating an error in the notice; however, it can hardly be disputed that the information that is contained in the notice is nonetheless adequate for the recipient to have a 'reasonable opportunity to identify the … work.'" *Id*. While Sony may attempt to argue that the *Siegel* holding only relates to 201.10(b)(1)(iii), Section 201.10(e)(2) makes clear that the harmless error provisions extend with equal force to 201.10(b)(2)(iii) or b(2)(iv).

        (609) 750-7700
        Kistler@BlankRome.com

        GREGORY M. BORDO (admitted *pro hac vice*)
        BLANK ROME LLP
        2029 Century Park East, 6th Floor
        Los Angeles, CA 90067
        (424) 239-3404
        GBordo@BlankRome.com

        DAVID M. PERRY (admitted *pro hac vice*)
        BLANK ROME LLP
        One Logan Square
        130 North 18th Street
        Philadelphia, PA 19103-6998
        (215) 569-5767
        Perry@BlankRome.com

        and

        EVAN S. COHEN (admitted *pro hac vice*)
        COHEN MUSIC LAW
        1180 South Beverly Drive, Suite 510
        Los Angeles, CA 90035-1157
        (310) 556-9800
        esc@cohenmusiclaw.com

        MARYANN R. MARZANO (admitted *pro hac vice*)
        COHEN MUSIC LAW
        1180 South Beverly Drive, Suite 510
        Los Angeles, CA 90035-1157
        (310) 556-9800
        mmarzano@cohenmusiclaw.com

        *Attorneys for Plaintiffs*

DCK/DEO
cc:    All Counsel Of Record (via ECF)