# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5204
Fax:     (917) 332-3726
Email:   RCronin@BlankRome.com

October 14, 2019

**VIA ECF**

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: October 16, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:   *Johansen v. Sony Music Entertainment Inc.*, No. 19-cv-1094 (ER)

Dear Judge Ramos:

We represent Plaintiffs in the above action. On October 4, 2019, Plaintiffs submitted a letter requesting that the Court schedule a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. [Dkt. No. 51]. Defendant Sony Music Entertainment ("Defendant") opposed this request by letter dated October 4, 2019, requesting a stay of discovery during the pendency of Defendant's motion to dismiss. [Dkt. No. 52]. Pursuant to Your Honor's October 9, 2019 Order [Dkt. No. 53], Plaintiffs respond to Defendant's letter. [Dkt. No. 53].

Rule 16(b) of the Federal Rules of Civil Procedure contemplates the issuance of a scheduling order absent good cause for delay. *See* FRCP 16(b)(2) ("The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after the defendant has been served with the complaint or 60 days after the defendant has appeared"). This action was commenced on February 5, 2019. Over eight months have passed, but Defendant never moved to stay discovery. Fed. R. Civ. P. 26 ("A party…may move for a protective order in the court where the action is pending … The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). Despite its failure to move for a stay, Defendant now argues that discovery should be stayed. Defendant cites no statute, rule, or caselaw to support its request. Defendant's request is both untimely and insufficient. As a result, the request for a stay should be denied.

In the event that the Court were to treat Defendant's request for a stay as timely, which it should not, Defendant has not satisfied the requirements of Rule 26(c)(1) of the Federal Rules of Civil Procedure. The Rule provides that the Court may, for good cause, issue a protective order

BLANKROME

The Honorable Edgardo Ramos
October 14, 2019
Page 2

staying discovery.  Fed.R.Civ.P. 26(c)(1).  The Court "analyzes good cause by application of three factors: (i) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (ii) the breadth of discovery and the burden of responding to it, and (iii) the risk of unfair prejudice to the party opposing the stay."  *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted).  Defendant failed to establish that any of these factors warrant a stay of discovery in this case.

   First, Defendant fails to establish a strong showing that Plaintiff's claim is unmeritorious.  Plaintiff recording artists commenced this action seeking declaratory relief and damages for copyright infringement resulting from Defendant record company's disregard for Plaintiffs' notices to terminate grants of rights in Plaintiffs' sound recordings.  Recording artists have the right to terminate such grants pursuant to Section 203 of the Copyright Act of 1976 (the "Copyright Act").  In its Motion to Dismiss, Defendant argues that: (i) Plaintiffs prematurely sought to terminate grants and, in doing so, rendered Plaintiffs' notices legally defective; and (ii) Plaintiffs' notices are invalid because they contain insufficient information.  In its letter, Defendant does not argue that it has demonstrated the notices contained insufficient information.  Instead, it only addresses the timeliness argument stating in conclusory fashion: "[Defendant]'s motion papers demonstrate that the termination notices were not served within the statutorily prescribed guidelines." [Dkt. No. 52].  However, both at the pre-motion conference and in their opposition brief, Plaintiffs established that Defendant's argument relies on a blatant misinterpretation of the clear statutory language of the Copyright Act. [Dkt. Nos. 40, 47].  But even if Defendant's interpretation of the statute was correct, Defendant argues only that Plaintiffs provided notice too early, *i.e.* Defendant argues that Plaintiffs provided Defendant with too much notice.  The Court addressed the absurdity of Defendant's argument in the below exchange during the pre-motion conference:

| | |
|---|---|
| THE COURT: | So two years prior to termination is too late to have given notice? |
| MR EDELMAN: | They gave notice too early. |
| THE COURT: | It's notice.  So what is the window within which they can give notice? |
| MR. EDELMAN: | They can give notice at the end of 35 years from publication, so – |
| THE COURT: | I thought that it terminated after 35 years.  So don't you have to give notice prior to termination. |

*See* [Dkt. No. 47 at 4].  In sum, Defendant has not made a strong showing that Plaintiffs' claims are unmeritorious.

   Second, Defendant does not argue that discovery creates a significant burden warranting a stay.  Indeed, commencing discovery during the pendency of the motion to dismiss will not impose significant burdens on Defendants.  Realistically, if discovery were to proceed now, neither party would have to produce documents for at least 60 to 90 days because they will first have to exchange initial disclosures, attend the pretrial conference, draft and exchange discovery

**BLANKROME**

The Honorable Edgardo Ramos
October 14, 2019
Page 3

demands, and respond to discovery demands. By the time these tasks conclude, the motion to dismiss is likely to have been decided. As a result, Defendant will not be burdened by discovery during the pendency of the motion to dismiss.

Third, the risk of unfair prejudice to Plaintiffs is significant. Plaintiffs are individual recording artists who are being deprived of their right to profit from their sound recordings. Meanwhile, the Defendant record company continues to exploit Plaintiffs' sound recordings for its own profit.

For the foregoing reasons, there is no good cause for staying discovery and, as a result, the Court should grant Plaintiff's request to schedule an initial pretrial conference so that discovery may move forward.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Ryan E. Cronin
Ryan E. Cronin

GREGORY M. BORDO (admitted *pro hac vice*)
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
(424) 239-3404
GBordo@BlankRome.com

DAVID M. PERRY (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103-6998
(215) 569-5767
Perry@BlankRome.com

and

EVAN S. COHEN (admitted *pro hac vice*)
COHEN MUSIC LAW
1180 South Beverly Drive, Suite 510
Los Angeles, CA  90035-1157
(310) 556-9800
esc@cohenmusiclaw.com

---

The parties are hereby directed to appear at an initial pretrial conference on November 8, 2019 at 4:15 P.M.. The Clerk of the Court is respectfully directed to terminate motions Nos. 51 and 54.

_____
Edgardo Ramos, U.S.D.J
Dated: October 16, 2019
New York, New York

BLANKROME

The Honorable Edgardo Ramos
October 14, 2019
Page 4

                                                MARYANN R. MARZANO (admitted *pro hac vice*)
                                                COHEN MUSIC LAW
                                                1180 South Beverly Drive, Suite 510
                                                Los Angeles, CA  90035-1157
                                                (310) 556-9800
                                                mmarzano@cohenmusiclaw.com

                                                *Attorneys for Plaintiffs*

cc:      All Counsel of Record (via ECF)