# GIBSON DUNN

## MEMO ENDORSED

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

January 8, 2021

VIA ECF

The Honorable Edgardo Ramos
United States District Court
  for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:   Johansen v. Sony Music Entertainment Inc., No. 19-cv-1094 (ER)

Dear Judge Ramos:

On behalf of defendant Sony Music Entertainment ("SME"), we write pursuant to Rule 3(ii) of Your Honor's Individual Practices to respectfully request that the Court grant SME permission to seal certain materials in connection with SME's Motion to Dismiss the First Amended Class Action Complaint ("FAC") in the above-captioned matter.

In connection with SME's motion, we respectfully request permission to file under seal copies of the following agreements that are referenced in Plaintiffs' FAC, but not attached to it: (1) a May 1, 1977 agreement between Plaintiff David Johansen and Blue Sky Records, Inc.; (2) a May 1, 1977 agreement between Blue Sky and CBS, Inc.; (3) a February 20, 1976 agreement between Steven Van Zandt and CBS, Inc.; and (4) an August 3, 1979 agreement between Plaintiff Paul Collins and Bill Graham d/b/a Wolfgang Productions. These agreements are Exhibits 1, 2, 3, and 4 to the Declaration of Gabrielle Levin in support of SME's motion.

The "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of public access to judicial document must be balanced against countervailing factors, such as whether the materials at issue contain confidential information that would subject a party to "financial harm" or cause a party "competitive disadvantage." *Standard Inv. Chartered Inc. v. Fin. Indus. Reg. Auth., Inds.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, good cause exists for granting SME's request. The agreements referenced in the FAC are confidential business records concerning the contractual relationship between Plaintiffs, certain third parties, and/or SME. Specifically, the agreements contain commercially sensitive, confidential business and strategic information, such as agreed royalty rates, artist advances, producer fees, recording budgets, financial commitments, and other heavily negotiated terms, which are regularly the subject of SME's contract negotiations with producers, artists, production companies, and furnishing companies.

GIBSON DUNN

The Honorable Edgardo Ramos
January 8, 2021
Page 2

Public disclosure of these agreements would reveal this commercially sensitive and confidential information and thereby place SME at a competitive disadvantage as it would allow other entities to see the terms under which SME or its predecessor (CBS, Inc.) contract, including financial terms.  Because these agreements are confidential business documents containing financial details and competitively-sensitive business information, the agreements may be must be filed in redacted form.  *E.g.*, *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal "information that is not generally publicly available and that, if revealed, could cause significant competitive harm"); *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (holding certain agreements should not be publicly disclosed because competitors may "peruse those documents, figure out what [the disclosing party] charges for [services], and then prices its own [services] accordingly"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal exhibits that contained "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. HBO, Inc.*, 26 F. Supp. 2d 606, 613–14 (S.D.N.Y. 1998) (granting request to seal confidential business information and trade secrets because disclosure would cause irreparable harm and outweigh the public's interest in access to it); *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (granting motion to seal exhibit containing "pricing information" because that provided "sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access").  Accordingly, this Court should exercise its "considerable discretion" and conclude that these agreements may be withheld from the public.  *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

Moreover, the parties have stipulated to, and will shortly file, a Confidentiality Agreement and Protective Order, under which any party may designate as "Confidential" information or documents that contain certain private or confidential information.  The agreements sought to be filed under seal in connection with SME's motion are marked Confidential, were produced to Plaintiffs pursuant to an agreement that they would be treated as Confidential, and are not documents that either party to the Confidentiality Agreement discloses to the public.

The limited documents that SME seeks to seal in connection with its motion are narrowly tailored to preserve its interests.  SME respectfully requests that the Court grant its request.[1]

---

[1] To the extent this Court is unwilling to seal the agreements, SME respectfully requests that the Court permit SME to file redacted versions of these agreements.

# GIBSON DUNN

The Honorable Edgardo Ramos
January 8, 2021
Page 3

Respectfully,

/s/ Gabrielle Levin

Gabrielle Levin

cc: All Counsel of Record (*via ECF*)

---

The application is __x__ granted
                   ____ denied

_____
Edgardo Ramos, U.S.D.J
Dated: __1/11/2021_____
New York, New York