UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DAVID JOHANSEN, et al.,                                     :
                                                            :
                        Plaintiffs,                         :
                                                            :   Case No. 19-cv-01094 (ER)
        -against-                                           :
                                                            :
SONY MUSIC ENTERTAINMENT,                                   :
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------x

## STIPULATION AND PROTECTIVE ORDER

      This Stipulation is made and entered into by and between Plaintiffs David Johansen, John Lyon, Paul Collins, Michael Gregory, and David Swanson (collectively "Plaintiffs"), on the one hand, and Defendant Sony Music Entertainment ("Defendant"), on the other hand, by and through their respective counsel, with reference to the following:

      WHEREAS, Plaintiffs and Defendant (the "parties") anticipate that discovery in the above-entitled action may involve production or disclosure of documents or information that one or both parties contend contain confidential, private, or proprietary business or personal information;

      WHEREAS, the parties desire to keep confidential the aforementioned documents, information, or other materials, and at the same time, allow for appropriate discovery under the Federal Rules of Civil Procedure to take place in this action;

      NOW, THEREFORE, the parties hereby stipulate, by and through their respective counsel of record, subject to the approval of the Court, to the following:

      1.      This Stipulation and Protective Order is being entered into to facilitate the production, exchange, and discovery of Discovery Materials (defined below).  It is the intent of

the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  Nothing in this Stipulation and Protective Order shall be interpreted or construed as restricting a party's right to seek penalties or sanctions in accordance with applicable law, rules, or orders of the Court.

2. Nothing in this Stipulation and Protective Order shall be interpreted or construed as changing any burden of proof or persuasion with respect to any confidentiality designation or burden with respect to any sealing request.

3. "Discovery Materials" shall be defined as all documents, materials, and information exchanged by the parties or any non-parties in connection with the above-captioned action, including, but not limited to, any written response to interrogatories, requests for admission, requests for production of documents, subpoenas, deposition transcripts, and all information contained in those materials.  Any materials that are part of the public record are not covered by this Stipulation and Protective Order.

4. "Protected Material" shall be defined as all documents, testimony, or other Discovery Materials which any party or non-party has designated as "Confidential."

5. Any party or non-party may designate as "Confidential" any Discovery Materials or portion of Discovery Materials that contains:

    a. financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b. material previously nondisclosed to the public relating to ownership or control of any non-public company;

  c. business plans, trade secrets, product development information, competitively sensitive technical information, confidential marketing plans, or other confidential business information previously nondisclosed to the public;

  d. any information of a personal or intimate nature regarding any individual; and

  e. any other category of information given confidential status by the Court.

6. Any Discovery Materials or portion of Discovery Materials designated as "Confidential" may be disclosed, given, made available, or communicated only to the following persons and entities ("Authorized Persons"):

 (a) the Parties, including their employees and in-house counsel;

 (b) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter and independent contractors providing copying services or non-expert witness-type (testimonial or consultant) litigation support for the parties;

 (c) the author, addressee, and any other person indicated on the face of a document as having received a copy of the document;

 (d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

 (e) mediators, referees, or other neutral designees of the Court or the parties for the purpose of dispute resolution;

 (f) officers of the Court and supporting personnel and/or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

(g) other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(h) any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert or consultant who is assisting the expert or consultant in this litigation provided that they be provided a copy of this Stipulation and Protective Order;

(i) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for the prosecution or defense of this action and who have received a copy of this Stipulation and Protective Order;

(j) Any other witnesses or prospective witnesses in this litigation, if and to the extent his or her review of the Protected Material is reasonably necessary to assist in the prosecution, defense, or settlement of this litigation, provided that such person may not retain a copy of such information; and

(k) any person pursuant to judicial order or as otherwise required by law.

7. All Discovery Materials produced by any party or non-party in these proceedings, whether or not designated as Protected Material, shall be used by the non-producing party solely in connection with, and only as necessary for, the preparation and litigation of this action, and not for any other purpose, including without limitation any other litigation or any business, commercial, competitive, or other purpose or function, except as otherwise required by law or by any tribunal, governmental agency, self-regulatory agency, court, administrative agency or regulatory body.  In the event any party receives an informal request or is served with a subpoena issued by a court, administrative agency, self-regulatory organization, or regulatory body regulator calling for the production of documents or discovery responses that have been

produced by another party or non-party in these proceedings, whether or not designated as Protected Material, the non-producing party shall promptly give notice to the producing party and shall allow the producing party sufficient time to seek protection from the appropriate court, administrative agency, or other entity.

8. Any party or non-party may designate Discovery Material other than deposition testimony and exhibits as "Confidential" by so stamping or otherwise clearly marking such Discovery Material in a manner that will not interfere with its legibility or audibility.

9. A party may designate as Protected Material, the whole or a portion of any deposition testimony, regardless by whom given, which contains or discloses Protected Material. The party designating any portion of a deposition as Protected Material may do so on the record at the deposition or shall serve a written statement on the parties and court reporter specifying the portions of the deposition which are to be designated as Protected Material within thirty (30) days after receipt of the final deposition transcript. The entire transcript shall be deemed Protected Material prior to the expiration of the foregoing thirty-day period. Any portion not so designated shall not be entitled to the protections given to Protected Material under this Stipulation and Protective Order. If a document (or portion of a document) or written response designated as Protected Material is used as an exhibit at a deposition or otherwise shown to a witness at a deposition, that document (or portion of a document) or written response and the deposition testimony concerning it shall be deemed Protected Material regardless of whether a party makes any formal designation thereof.

10. The inadvertent failure to mark Discovery Materials as "Confidential" shall not constitute a waiver of any claim of confidentiality which may attach to the document. If any party or non-party inadvertently fails to designate any Discovery Material as Protected Material

at the time of production or service of the response, it may notice the receiving party in writing of the claimed inadvertent failure and provide substitute copies of the Discovery Material at issue.  Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously-unmarked items and all copies thereof.

      11.     To the extent any party or non-party produces Discovery Material that contains personally identifiable information, financial information, and/or health information and is not marked as "Confidential," any party or non-party may designate the Discovery Material at issue as Protected Material by notifying the parties in writing.

      12.     The receipt of any Discovery Material designated as Protected Material or the receipt of a notice that Discovery Material was inadvertently produced without being marked as Protected Material shall not be construed as an agreement by the receiving party that any such Discovery Material is in fact Protected Material, and shall not operate as a waiver of the receiving party's right to challenge any such designation as provided herein.  If, after a party receives Discovery Materials designated as Protected Material (or a notice that Discovery Material was inadvertently produced without being marked as Protected Material), it appears to the receiving party that any such information is not entitled to the designated protection afforded under this Stipulation and Protective Order, such receiving party shall notify counsel of record for the designating party in writing.  Any party who believes that the other party hereunder has inappropriately designated materials as Protected Material shall make reasonable and diligent efforts to meet and confer with the designating party in an effort to reach an informal resolution to the dispute.  If the parties are unable to resolve the objection informally, then the objecting party may move to the Court presiding over this action for an order determining whether the materials are properly designated as Protected Material.  Until the Court rules to the contrary, all

materials designated Protected Material shall be treated as prescribed in this Stipulation and Protective Order.

13. The attorneys of record and all other persons receiving Protected Material under this Stipulation and Protective Order are responsible for employing reasonable measures, consistent with this Stipulation and Protective Order, to control access to, and the duplication and distribution of, Protected Material. In the event of a disclosure of Protected Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Stipulation and Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Protected Material is made by anyone.

14. Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a party independently from discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated as Protected Material.

15. A party shall have the right to have persons not designated Authorized Persons as defined in this Stipulation and Protective Order excluded from a deposition before the taking of testimony designated as Protected Material or the introduction of documents or exhibits designated as Protected Material.

16. Nothing herein shall prevent any of the parties from using Protected Material in any trial, hearing, or court conference in this litigation or from seeking further protection with respect to the use of any Protected Material in any trial, hearing, or court conference in this litigation.  Means to preserve the confidentiality of Protected Material presented at trial, hearing, or court conference shall be considered and implemented in advance of such trial, hearing or court conference pursuant to the standards set forth by the Court.  If Protected Material is used at a hearing, court conference, or trial, all portions of the transcripts and exhibits thereof which relate to Protected Material shall be designated and treated pursuant to the terms of this Stipulation and Protective Order, unless the Court orders otherwise.

17. The production of Protected Material shall not constitute an admission or concession by the producing or designating party that such Protected Material is relevant or probative of any issue or is admissible at any proceedings for any purpose.

18. Nothing in this Stipulation and Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of Protected Material produced by that party.

19. A party who seeks to file with the Court any Protected Material must file such Protected Material under seal as authorized or permitted by the Court, in accordance with the procedures described in the Court's Individual Practices, and must remain under seal unless or until the Court orders otherwise.

20. The production of privileged or work product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding.  If a producing party identifies inadvertently produced Discovery Material that it believes is privileged, it shall notify the receiving party's counsel in writing, and identify the Discovery

Material that it claims is privileged.  Upon receipt of notification that privileged Discovery Material was inadvertently produced, the receiving party shall immediately return the Discovery Material claimed to be privileged, and any copies thereof, and confirm to the producing party in writing that all electronic copies of the document have been deleted or otherwise destroyed.  The producing party shall update its privilege log to reflect the Discovery Material that it claims to have inadvertently produced.  This paragraph does not constitute a waiver of the receiving party's right to challenge the claim of privilege or of inadvertent production.

21. No later than sixty (60) days from the unappealed or unappealable final resolution or settlement of this action, all Protected Material within the possession of counsel for a receiving party, shall be delivered to counsel for the producing party; or in lieu thereof, the receiving party shall certify in writing that all such Protected Material has been destroyed. Notwithstanding the above, counsel of record may retain one set of (i) pleadings, exhibits, and their own attorney and consultant work product for archival purposes, (including portions of any such papers that contain or disclose Protected Material), and (ii) any agreement executed by any plaintiff or member of the putative class represented by Plaintiffs' counsel, and any amendments thereto.

22. Nothing in this Stipulation and Protective Order shall be deemed to limit, prejudice, or waive any right of the parties:  (a) to resist discovery with respect to, or to seek to obtain additional or different protection for, Discovery Materials claimed to be protected work product or privileged under federal or state law, Discovery Materials as to which a party claims a legal or contractual obligation not to disclose, or Discovery Materials not required to be provided pursuant to federal or state law; (b) to seek to modify or obtain relief from any aspect of this Stipulation and Protective Order; (c) to object to the use, relevance or admissibility at trial or

otherwise of any Discovery Materials, whether or not designated in whole or in part as Protected Material governed by this Stipulation and Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

23. Third parties who produce information or documents in connection with this action may avail themselves of the protections of this Stipulation and Protective Order.

24. Additional entities and/or persons who become parties to this action may join this Stipulation and Protective Order. The parties to this Stipulation and Protective Order may require that additional entities and/or persons who become parties to this action join this Stipulation and Protective Order as parties thereto before they may receive Discovery Material and/or Protected Material, or before they may participate in proceedings in which Protected Material will be shown, shared, or disclosed.

25. This Stipulation and Protective Order may be modified at any time for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection for specific Discovery Material or seeking termination of the protection provided hereunder for specific Discovery Material.

26. This Stipulation and Protective Order shall survive the termination of this litigation and will continue to be binding upon all persons to whom Protected Material is produced or disclosed.

27. This Court will retain jurisdiction to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

28. Nothing herein shall be construed to modify any previously existing confidentiality obligations of the parties.

29. The parties agree to be bound by the terms of this Stipulation and Protective Order pending the entry by the Court of this Stipulation and Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

30. This Stipulation and Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

By executing a copy of this Stipulation and Protective Order, each of the attorneys named below and the parties they represent undertake to abide by and be bound by its provisions.

Dated:   January 11, 2021

BLANK ROME LLP

By: _____
Ryan E. Cronin
Roy W. Arnold (*Admitted Pro Hac Vice*)
David M. Perry (*Admitted Pro Hac Vice*)
Gregory M. Bordo (*Admitted Pro Hac Vice*)
Julianna Simon (*Admitted Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.885.5000

COHEN MUSIC LAW

Evan S. Cohen (*Admitted Pro Hac Vice*)
Maryann R. Marzano (*Admitted Pro Hac Vice*)
1180 South Beverly Drive, Suite 510
Los Angeles, California 90035
Telephone: (310) 556-9800

*Attorneys for Plaintiffs*

Dated:   January 11, 2021

GIBSON, DUNN & CRUTCHER LLP

By: _____
Gabrielle Levin
GLevin@gibsondunn.com
Scott A. Edelman (*Admitted Pro Hac Vice*)
SEdelman@gibsondunn.com
Nathaniel L. Bach (*Admitted Pro Hac Vice*)
NBach@gibsondunn.com
200 Park Avenue, 48th Floor
New York, NY  10166-0193
Telephone:  212.351.4000

JENNER & BLOCK LLP

Steven Englund (*Admitted Pro Hac Vice*)
SEnglund@jenner.com
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
*Attorneys for Defendant*

IT IS SO ORDERED.

Dated:  __January 12__, 2021

By: _____
Hon. Edgardo Ramos
United States District Judge

12