```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DAVID JOHANSEN, et al.,                                     :
                                                            :
                           Plaintiffs,                      :
                                                            :   Case No. 19-cv-01094 (ER)
       -against-                                            :
                                                            :
SONY MUSIC ENTERTAINMENT,                                   :
                                                            :
                           Defendant.                       :
                                                            :
------------------------------------------------------------x
```

## STIPULATION AND ORDER TO EXTEND STAY OF LITIGATION

WHEREAS, by Order dated January 25, 2021 (Dkt. 141), pursuant to a stipulation among Plaintiffs and Sony Music Entertainment ("SME," and together with Plaintiffs, the "Parties"), the Court temporarily stayed this litigation, including any court deadlines set by the Court or the Federal Rules of Civil Procedure, all discovery, and deadlines regarding the third-party defendants, until May 21, 2021;

WHEREAS, by Order dated May 21, 2021 (Dkt. 148), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until August 19, 2021;

WHEREAS, by Order dated August 17, 2021 (Dkt. 152), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until October 18, 2021;

WHEREAS, by Order dated October 15, 2021 (Dkt. 154), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until December 15, 2021;

WHEREAS, by Order dated December 15, 2021 (Dkt. 157), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until March 18, 2022;

1

WHEREAS, by Order dated March 18, 2022 (Dkt. 160), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until May 18, 2022;

WHEREAS, by Order dated May 19, 2022 (Dkt. 162), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until July 18, 2022;

WHEREAS, by Order dated July 19, 2022 (Dkt. 164), pursuant to a further stipulation among the Parties, the Court extended the stay of litigation until October 18, 2022; and

WHEREAS, the Parties continue to be actively engaged in good-faith in settlement negotiations, and the Parties believe it is in their best interests to extend the current stay of litigation until December 19, 2022, to allow them to conserve resources and continue to focus on furthering a potential resolution of this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs and SME, as follows:

1. The litigation, including any court deadlines set by this Court or the Federal Rules of Civil Procedure, all discovery, and deadlines regarding the third-party defendants, shall remain stayed until December 19, 2022, at which point, if the Parties have not reached a class-wide settlement in principle, the Parties will work together to submit a stipulated case schedule for the Court's consideration.

2. This Stipulation is without prejudice to the Parties hereto agreeing, subject to Court approval, to a further extension of the stay if circumstances warrant.

3. The Parties shall report to the Court on or before the expiration of the stay regarding their progress toward resolution.

4. In the event that the Parties reach an impasse or their settlement discussions irretrievably break down, the Parties shall meet and confer in good faith as to whether ongoing

discussions are expected to be fruitful and if any Party (Plaintiffs or SME) determines that such discussions are likely to be no longer productive then the Party may notify the Court after five business days of the Parties' meet and confer to request that the Court terminate the stay for good cause.

5. As noted above, the Parties made eight previous requests for a stay of litigation, which this Court granted. Dkts. 141, 148, 152, 154, 157, 160, 162, 164.

**AGREED:**

| *(signature)* | *(signature)* |
|---|---|
| Roy W. Arnold (*Pro Hac Vice*)<br>Gregory M. Bordo (*Pro Hac Vice*)<br>David M. Perry (*Pro Hac Vice*)<br>Heidi Crikelair<br>BLANK ROME LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br><br>Evan S. Cohen (*Pro Hac Vice*)<br>Maryann R. Marzano (*Pro Hac Vice*)<br>COHEN MUSIC LAW<br>1180 South Beverly Drive, Suite 510<br>Los Angeles, CA 90035-1157<br><br>*Attorneys for Plaintiffs*<br><br>Dated: October 17, 2022 | Scott A. Edelman (*Pro Hac Vice*)<br>Gabrielle Levin<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br><br>Steven Englund (*Pro Hac Vice*)<br>JENNER & BLOCK LLP<br>1099 New York Avenue, NW, Suite 900<br>Washington, DC 20001<br><br>*Attorneys for Defendant*<br>*Sony Music Entertainment*<br><br>Dated: October 17, 2022 |

IT IS SO ORDERED.

Dated: __October 18__, 2022

By: _____
Hon. Edgardo Ramos
United States District Judge

3